[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant was arrested and charged with violations of Conn. Gen. Stat. Sections 21a-277a and 21a-279a, Sale and Possession of Cocaine. The arrest followed the execution of a Search and Seizure Warrant on November 30, 1989 at the defendant's house in Vernon. The affidavit supporting the warrant was based on the alleged statements and conversations of two informants — one a willing informant and the other an individual who did not know her conversations and actions were being monitored and/or observed. In addition to the informants, there were some corroborative efforts by the warrant affiants including a motor vehicle department record check, a land title check with the Vernon Assessor, monitoring some of the conversations of the two informants, and tailing one of the informants. The heart of the affidavit, however, and the most important influence on the judicial authority's determination of probable cause were the purported statements and actions of the two informants who will be identified, as they were in the affidavit, as Nos. 292 and 298.
The essential allegations contained in the affidavit are:
1. No. 292 is a reliable informant because he worked previously with the warrant affiants and his information led to seizures of contraband and to one arrest.
2. No. 292 said that he knew that the defendant, who resided at a particular address in Vernon, was involved in selling cocaine. He gave a physical description of the defendant and said that he had personally observed the defendant.
3. No. 292 said that he knew the defendant sells cocaine because No. 298 told him so.
4. No. 298 had told No. 292 that the defendant sells large amounts of cocaine and that she had purchased cocaine CT Page 782 from him at his house. She described that house which is in the Town of Vernon.
5. The affiants checked out the defendant and his residence through the motor vehicle department and the Vernon Assessor's Office.
The affiants wired No. 292 so they could monitor his conversations with No. 298.
7. No. 298 telephoned the defendant in No. 292's presence and one of the affiant's was able to hear her side of the conversation in which she greeted the other party as "Mike". The conversation was thereupon described as being couched in "a very vague roundabout fashion with no direct mention of narcotics."
8. After the phone conversation, No. 298 told No. 292 that defendant had cocaine for sale and that she could pick it up at any time.
9. No. 292 gave a sum of money to No. 298.
10. The affiants then followed No. 298 directly to the defendant's house where she was observed parking her car in front of the property and, a short time later, was observed coming down the driveway.
11. Thereafter No. 298 turned over to No. 292 a quantity of cocaine at a location that the two had previously arranged to meet and she told No. 292 she bought the cocaine from the defendant.
The defendant has filed a Motion to Suppress based upon Franks v. Delaware, 438 U.S. 154 (1978), alleging that the warrant affiants deliberately misstated what they were told by either one or both informants and that they omitted material facts from their affidavit. The defendant furnished two affidavits a one from each of the informants, with his Motion.
No. 292's affidavit states that he did not know defendant's last name, nor his address. He denied ever personally viewing the defendant. He denied that he told the warrant affiants that defendant sold large amounts of cocaine or that No. 298 had purchased cocaine at defendant's house.
In her affidavit, No. 298 denied ever telling No. 292 that defendant sold large amounts of cocaine or that she had purchased cocaine at defendant's house. She denied telling CT Page 783 No. 292, after the phone conversation, that the defendant had cocaine for sale and that she could pick it up at any time. In addition, No. 298 stated that she stopped at a bar in Vernon before proceeding to the defendant's premises. She denied telling No. 292 that she bought the contraband from. the defendant.
Both informants stated in their affidavits that "Mike" required marijuana as a condition of providing cocaine and that No. 292 left 298 alone for about one-half hour so he could get the marijuana. No. 292 stated that he obtained the marijuana from one of the warrant affiants. This information was not set forth in the police warrant affidavit.
To establish entitlement to a Franks hearing, one must show substantially that (1) the warrant affiants either knowingly or intentionally or with a reckless disregard of the truth made misstatements of fact or omitted material facts from their affidavit and (2) that the false statement, or omission, is necessary to the finding of probable cause. Franks v. Delaware, 438 U.S. 154, 155-156 (1978); State v. Weinberg, 215 Conn. 231, 237 (1990).
Dealing with the first prong of the Franks test, the warrant affiants unequivocally stated that No. 292 know the defendant personally and where he lived. According to his affidavit the only thing No. 292 knew was that No. 298 told him someone named "Mike" sold large amounts of cocaine. At the very least, the personal knowledge attributed to No. 292 by the warrant affiants, if No. 292 is to be believed, constituted a misstatement with a reckless disregard for the truth. If all that No. 292 knew was what No. 298 had told him, there was no way possible for the warrant affiants to have determined defendant's name and address and otherwise check him out with the Vernon Assessor and the Motor Vehicle department. Even the telephone conversation between No. 298 and "Mike" which was monitored by the warrant affiants failed to disclose Mike's full name.
Concerning omissions of fact, both informants in their affidavits state that after No. 298's telephone conversation with "Mike", No. 292 left No. 298 alone for a period of time while he went to get marijuana. The warrant affidavit fails to allege "Mike's" purported demand for marijuana, No. 292's departure or where No. 292 obtained the contraband.
The warrant affiants aver that No. 292 went directly to defendant's house after No. 292 gave her cash and marijuana. No. 298 claims she stopped at a cafe in Vernon before going to defendant's house. At best, the actions No. 298 after CT Page 784 she left No. 292 are unresolved. Based upon No. 298's affidavit, however, there has been a preliminary showing of a misstatement of material fact. What No. 298 did after she left No. 292 is critical because the warrant affiants never personally observed No. 298 enter or leave defendant's residence nor did they observe any drug transaction.
Hence, this Court concludes that the first prong of Franks has been satisfied.
As to the second part of the Franks test, this Court concludes that the alleged misstatements and omissions of fact were necessary for the issuing judge to find probable cause "`Probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity or will assist in a particular apprehension or conviction. . . and (2) there is probable cause to believe that the items sought to be seized will be found in the place to be searched."' State v. Shifflett, 199 Conn. 718, 745-746 (1986).
Without the purported misstatements and omissions the essence of the affidavit would have stated that No. 292 heard from No. 298 that "Mike" sold cocaine. No. 292 agreed to work for the warrant affiants. No. 292 had worked for the police in the past and his prior assistance helped the authorities obtain search warrants, seize marijuana and arrest one individual. No. 292 agreed to wear a body microphone. While wearing the microphone, the warrant affiants heard No. 292 ask No. 298 if she could obtain cocaine from "Mike". In No. 292's presence while he wore the microphone, No. 298 telephoned "Mike" and had a conversation "in a very vague roundabout fashion with no direct mention of narcotics." After hanging up the telephone, No. 298 told No. 292 that Mike had cocaine for sale but he wanted some marijuana in addition to some money. No. 292 gave No. 298 some cash then he left to obtain some marijuana. When he arrived some time later, he gave No. 298 the marijuana. No. 298 left No. 292 and the warrant affiants followed her to Mike's residence. The house is set back, one hundred (100) yards from the road. The warrant affiants saw No. 298 drive up the driveway. A short time later they observed her come down the driveway, go to a predetermined location to meet No. 292 and she turned over cocaine to No. 292.
These statements do not set forth sufficient facts to sustain a reasonable belief either that the defendant was a drug seller or that drugs would be found in his home. At most, those statements would rise to the level of suspicion, but not probable cause. CT Page 785
The Aguilar — Spinelli.[1] test is the method by which the court assays the warrant to see if it rises to the level of probable cause. State v. Copeland, 22 Conn. App. 98, 101
(1990); State v. Kimbro, 197 Conn. 219 (1985). Aguilar-Spinelli requires that the issuing judge conclude that the informant was credible or his information was reliable and that he had a satisfactory basis of knowledge. State v. Velez, 215 Conn. 667, 673 (1990).
Without the purported misstatements of the facts and with the alleged material omissions of fact, the warrant affidavit fails to satisfy either prong of Aguilar-Spinelli and is devoid of probable cause.
evidentiary hearing be held on defendant's Motion to Suppress.
SCHEINBLUM, J.